UNITED STATES of America
v.
Vincent J. RICCIARDI, Fred Meyer, and Stanley M. Unger, Defendants.

No. 64 Cr. 863.

United States District Court
S. D. New York.

Jan. 6, 1965.

See also D.C., 40 F.R.D. 131 and D.C., 40 F.R.D. 135.

Andrew J. Maloney, Asst. U. S. Atty., New York City, for United States.

George Wolf, New York City, for defendant Vincent J. Ricciardi.

WYATT, District Judge.

This is a motion by defendant Ricciardi (1) for an order (said to be asked under Fed.R.Crim.P. 14) directing a separate trial of Ricciardi for misjoinder of defendants in violation of Fed.R.Crim.P. 8(b) and (2) for a bill of particulars (Fed.R.Crim.P. 7(f)).

The indictment has 23 counts. Movant is named in counts 1 through 15, each such count charging him with a violation of 29 U.S.C. § 186—"restrictions on payments to employee representatives" etc.

Defendant Unger is named in counts 16 through 21, each such count charging a violation of the same statute.

Defendant Meyer is named in counts 22 and 23, each of these two counts charging a violation of the same statute.

### (1) Motion for severance under Fed.R.Crim.P. 14

Fed.R.Crim.P. 8(b) is as follows:

"(b) Joinder of Defendants. Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count."

■■ There is no allegation in this indictment that the three defendants "participated in the same act or transaction or in the same series of acts or transactions". Inspection of the indictment shows moreover that the dates, names of employers and dollar amounts alleged in the counts *not* naming Ricciardi are different from those alleged in the counts naming him.

The violation of Fed.R.Crim.P. 8(b) by this indictment seems plain and the motion for a severance as to Ricciardi must be granted. Where Rule 8(b) is violated, the motion for a severance seems properly to be made under that Rule and not under Rule 14. Prejudice must be shown to support a motion under Rule 14 and in such event the motion may be granted even though a joinder is proper under Rule 8(b). But where joinder is improper under Rule 8(b), no prejudice need be shown because there is no discretion to be exercised by the Court. Ingram v. United States, 272 F.2d 567 (4th Cir. 1959). See also McElroy v. United States, 164 U.S. 76, 81, 17 S.Ct. 31, 41 L.Ed. 355 (1896).

The motion of Ricciardi for a severance is granted.

### (2) Motion for a bill of particulars Fed.R.Crim.Pr. 7(f)

■■ Ricciardi here seems to request an order directing the government to furnish information relating to each count of the indictment. In view of the fact that he is being granted a severance, the motion is treated as relating only to the counts in which he is named (1–15).

The motion for a bill of particulars is disposed of as to each item as follows:

1. Denied.

2. Denied.

3. Granted on consent. The government will state as to each count the date and place when and where each of the requests and demands for money from the employers are claimed to have been made by Ricciardi. The government will also state the name of the employer or employer organization upon whom such requests and demands were made.

4. Granted to the extent that the government is directed to state as to each count the date and place when and where the alleged payments of money were made to Ricciardi, and the name of the employer or employer organization making such payments.

So ordered.