**The UNITED STATES**

v.

**Joseph GENTILE et al., Defendants.**

**No. 72 CR 1232.**

United States District Court,
E. D. New York.

Sept. 25, 1973.

Robert A. Morse, U. S. Atty., Denis E. Dillon, Atty. in Charge, Organized Crime Unit, Dept. of Justice, Richard L. Shanley, Sp. Atty., U. S. Dept. of Justice, for United States.

Moses Polokoff, for Gentile.

Irwin Klein, New York City, for LaPonzina.

Barry W. Agulnick, Flushing, N. Y., for Lucadana.

## MEMORANDUM AND ORDER

COSTANTINO, District Judge.

This is a motion by defendant Ernest LaPonzina for an order pursuant to Rules 8 and 14, F.R.Crim.P., directing a separate trial and the dismissal of one of the two counts pending against him.

The indictment has six counts, the movant being named in only two. Counts one and two charge Joseph Gentile with having illegally offered $3,000 to Nicholas Tsotsos, an Internal Revenue employee, in an attempt to influence a determination of his outstanding tax liability. Counts three and four charge Joseph Gentile and Ernest LaPonzina with having illegally offered $1,000 to Tsotsos and with having conspired to commit a fraud against the United States for the purpose of influencing a determination of LaPonzina's outstanding tax liability. Counts five and six charge Joseph Gentile and Vincent Lucadana with having illegally offered $500 to Tsotsos and with having conspired to commit a fraud against the United States for the purpose of influencing a determination of Lucadana's tax liability.

The common thread running through the various counts of the indictment is the common involvement of Tsotsos and Gentile. Beyond that there is nothing in the indictment which indicates the defendants had acted in concert or participated in a common scheme or plan. On the contrary, the allegations of the indictment evince that LaPonzina and Lucadana were not involved in Gentile's activities concerning his own outstanding

tax liability and that neither of them had anything to do with the separate attempts to influence the determination of the other's tax liability. The money offers were made on different days and were of varying amounts. The dates of the various conversations which constitute the overt acts of the two alleged conspiracies also evidence a pattern of separate and independent conspiracies.

During oral argument and in its brief the government has argued that the defendants have been properly joined pursuant to Rule 8(b), F.R.Crim.P. It contends that since Gentile and Tsotsos are common to all the offenses, since both conspiracies are of a similar character and since some of the evidence to be offered by the government will be overlapping, joinder of the defendants is permissible. In support of its contention, the government cites a "myriad" of cases which allegedly have permitted the joinder of defendants under circumstances similar to the case *sub judice.*

An apparent flaw with the government's position is that they have misconceived the standard applicable to joinder under Rule 8(b). The government's misconception is evidenced by the fact that most of the cases it cites in support of its position deal with the joinder of offenses pursuant to Rule 8(a), F.R. Crim.P. It is indisputable that the standard applicable to the joinder of offenses is much broader than that applicable to the joinder of defendants. United States v. Granello, 365 F.2d 990 (2d Cir. 1966); 8 Moore (Cipes), Federal Practice § 8.06 (1972); Orfield, Joinder in Federal Criminal Procedure, 26 F.R.D. 23 (1961). The two cases cited by the government which do deal with the joinder of defendants—Schaffer v. United States, 362 U.S. 511, 80 S. Ct. 945, 4 L.Ed.2d 921 (1960) and United States v. Catino, 403 F.2d 491 (2d Cir. 1968)—are concerned with the issue of "retroactive misjoinder", and clearly have no import to the case *sub judice.*

Under Rule 8(b) joinder of defendants is permissible only if they "are alleged to have participated in the same acts or transactions or in the same series of acts or transactions constituting an offense or offenses." Under the rule the government has an obligation to allege more than that the offenses are of a similar nature or that there are common participants. Kotteakos v. United States, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1964); United States v. Granello, *supra*; United States v. Ricciardi, 40 F.R.D. 133 (S.D.N.Y.1965).

Although there is authority supporting the joinder of defendants even though they are not named in all the counts of an indictment and are not alleged to have participated in a common conspiracy, such holdings are limited to situations where there exists such a significant relationship between the offenses as to impel joinder, *i. e.,* the identity of the offenses, the proximity both in time and place of their commission, and the relationship of the defendants. In Re Gottesman, 332 F.2d 975 (2d Cir. 1964); United States v. Gilbar Pharmacy, Inc., 221 F.Supp. 160 (S.D.N.Y. 1963). Clearly, the indictment in this case does not come within the ambit of those cases.

In view of the fact that the indictment violates Rule 8(b), F.R.Crim.P., the motion for severance must be granted. United States v. Ricciardi, *supra.*

### Motion for Dismissal

The motion to dismiss one of the two counts pending against LaPonzina is grounded upon the belief that the substantive crime and the conspiracy will be provable by the same evidence. As the government rightfully points out, though, the court should not at this time venture to speculate as to the possible consequences of the joinder of the offenses. Rather the more reasoned

course of conduct is to allow the government to present its case and then make a determination as to multiplicity. United States v. C.I.T. Credit Corp., 344 U.S. 218, 225, 73 S.Ct. 227, 97 L.Ed. 260 (1952); United States v. Ketchum, 320 F.2d 3, 8 (2d Cir. 1963); United States v. Saporta, 270 F.Supp. 183, 186–187 (E.D.N.Y.1967).

Accordingly, the defendant's motion for a severance is granted and the motion to dismiss is denied.

## ON MOTION FOR ORDER OF SEVERANCE

On June 29, 1973 the court issued a memorandum and order granting defendant LaPonzina's motion for severance. Upon application of the prosecuting attorney the court granted him leave to reargue the motion. Thereafter defendant Lucadana moved for an order of severance.

Additional briefs were submitted and argument was heard on September 14, 1973. Following the hearing the court ruled that it would not change its original determination. Additionally, the court granted defendant Lucadana'a motion for severance. Because of the apparent confusion the severance orders may have caused, the court indicated it would issue a supplementary memorandum and order.

▆ The severance orders are based upon the failure of the indictment to comply with the requirements of Fed.R. Crim.P. 8(b). As was indicated in the court's prior memorandum and order there is nothing in the indictment which shows that either Lucadana or LaPonzina acted in concert with each other, that they participated in a common scheme or plan, or that either of them participated in Gentile's activities concerning his own tax problems. Rather the allegations of the indictment and the facts elicited by discovery evidence that there are three separate and distinct offenses involved in this case—Gentile's alleged bribe of Agent Tsotsos concerning his own taxes; the alleged bribe of Tsotsos concerning LaPonzina's taxes; and the alleged bribe of Tsotsos concerning Lucadana's taxes.

That each of the separate offenses also gives rise to a separate conspiracy charge surely cannot alleviate the misjoinder problem. Kotteakos v. United States, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557. Furthermore that defendant Gentile and Agent Tsotsos are common to all three offenses is not dispositive of the issue of misjoinder. A defendant should not be held responsible for the conduct of others unless there is a showing that by his own affirmative acts he has in some way associated himself with the others' acts. Consequently, absent a showing of a significant relationship between Lucadana's and LaPonzina's activities and the offenses concerning tax matters other than their own, and absent a showing that such relationship was an incidence of their affirmative acts and was of such a nature that they were or should have been cognizant of it, Lucadana and LaPonzina have a right to severance.

Accordingly, defendant LaPonzina is severed from counts one, two, five and six, and defendant Lucadana is severed from counts one, two three and four. Defendant LaPonzina can be tried along with defendant Gentile on counts three and four and defendant Lucadana can be tried along with defendant Gentile on counts five and six. On counts one and two only defendant Gentile can be tried.

So ordered.