**UNITED STATES of America,**
**Plaintiff,**

**v.**

**Du Wayne ROMENESKO and Evelyn R. Romenesko, Defendants.**

**No. 75–CR–62.**

United States District Court,
E. D. Wisconsin.

Aug. 13, 1975.

Joseph P. Stadtmueller, Asst. U.S. Atty., Milwaukee, Wis., for plaintiff.

Robert E. Meldman, Milwaukee, Wis., for defendants.

### DECISION AND ORDER

REYNOLDS, Chief Judge.

The defendants, who were indicted on two counts of attempting to evade and defeat income taxes owed by them in violation of 26 U.S.C. § 7201, have filed motions to dismiss the indictment, for severance or election, to suppress evidence, and for discovery. For the reasons hereinafter stated, their motions are denied.

*1. Motion to Dismiss the Indictment*

Count I of the indictment states:

"THE GRAND JURY CHARGES:

"That on or about the 15th day of April, 1969, in the State and Eastern District of Wisconsin,

DU WAYNE ROMENESKO and
EVELYN R. ROMENESKO,

residents of Black Creek, Wisconsin, who during the calendar year 1968 were married, did wilfully and knowingly attempt to evade and defeat a large part of the income tax due and owing by them to the United States of America for the calendar year 1968, by preparing and causing to be prepared, by signing and causing to be signed, and by mailing and causing to be mailed, in the Eastern District of Wisconsin, a false and fraudulent income tax return on behalf of himself and his said wife, which was filed with the Internal Revenue Service, wherein it was stated that their taxable income for said calendar year was $00.00, and that the amount of tax due and owing thereon was the sum of $00.00, whereas, as they then and there well knew, their joint taxable income for the said calendar year was the sum of $15,479.60, upon which said taxable income there was owing to the United States of America an income tax of $2,254.47, in violation of Section 7201, Internal Revenue Code, all in violation of Title 26, § 7201, United States Code of Laws."

Count II is almost identical save that the date of the offense is designated as April 15, 1970, the taxes are said to be for the calendar year 1969, and it is alleged that on the return it was stated that the taxable income was $1,515.42 with the tax due of $217.31, whereas the defendants' joint taxable income was $9,822.09 with a tax of $1,441.69.

Defendants' arguments in support of the motion to dismiss are based on the language, "on behalf of himself and his said wife" which is included in the in-

**418**

dictment. Defendants argue that the effect of this language is to create uncertainty over whether defendant Evelyn R. Romenesko is charged with any offense by the indictment. Thus, defendants contend that the indictment is vague in contravention of the Sixth Amendment and Rule 7(c)(1) of the Federal Rules of Criminal Procedure, and further fails to charge any offense against defendant Evelyn R. Romenesko.

■ In *Hamling v. United States,* 418 U.S. 87, 117–118, 94 S.Ct. 2887, 2907, 41 L.Ed.2d 590 (1974), the Court stated:

"'* * * an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense. *Hagner v. United States,* 285 U.S. 427 [52 S.Ct. 417, 76 L.Ed. 861] (1932); *United States v. Debrow,* 346 U.S. 374 [74 S.Ct. 113, 98 L.Ed. 92] (1953). It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished.' *United States v. Carll,* 105 U.S. 611, 612 [26 L.Ed. 1135] (1881). 'Undoubtedly the language of the statute may be used in the general description of an offence, but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description, with which he is charged.' *United States v. Hess,* 124 U.S. 483, 487 [8 S.Ct. 571, 573, 31 L.Ed. 516] (1888)."

A practical and common sense reading of the indictment wherein both Du Wayne Romenesko and Evelyn R. Romenesko are named as defendants demonstrates that the *Hamling* test is satisfied and that the language "on behalf of himself and his said wife" does not create such an uncertainty over whether defendant Evelyn R. Romenesko is charged as to require a dismissal.

*2. Motion for Severance or Election*

Defendants have moved for a dismissal of the indictment or severance of defendants or counts claiming that they are misjoined under Rule 8(b) of the Federal Rules of Criminal Procedure. Rule 8(b) provides:

"Joinder of Defendants. Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count."

■ The defendants were not misjoined, since they are charged with having "* * * participated * * * in the same series of acts or transactions constituting * * * offenses," Rule 8(b), supra. Joinder was proper because (a) both counts charge the identical offense, (b) both defendants are charged in each count, (c) the defendants are alleged to be married, (d) the allegedly false returns concern the defendants' joint income tax liability, and (e) the counts are for successive years. See, *United States v. Gentile,* 60 F.R.D. 686, 688 (E.D.N.Y.1973). Contrast, *United States v. Harvick,* 153 F.Supp. 696 (D.N.D.1957). The motion is, therefore, denied.

*3. Motion to Suppress*

■ Defendants' motion seeks to suppress all evidence obtained by the Internal Revenue Service (IRS) pursuant to 26 U.S.C. § 7602 after November 27, 1972, on the ground that on that date a determination of their civil tax liability was made. Thus, defendants claim that the IRS' use of the investigative power

granted by 26 U.S.C. § 7602 was for the improper purpose of obtaining evidence for a criminal prosecution. See, *Donaldson v. United States*, 400 U.S. 517, 531–536, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971); *United States v. Powell*, 379 U.S. 48, 58, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964); *Reisman v. Caplin*, 375 U.S. 440, 449, 84 S.Ct. 508, 11 L.Ed.2d 459 (1964).

The Government has not conceded that a determination of defendants' civil tax liability was made on November 27, 1972, nor that the sole objective of investigation done after that date was a criminal prosecution. *Donaldson, supra*, 400 U.S. at 533, 91 S.Ct. 534. Further, the Government has asserted that all the evidence it intends to use as evidence was acquired before November 27, 1972, except for an interview with one Duwayne Kelm which did not involve the use of an IRS summons under 26 U.S.C. § 7602(2).

Defendants have not claimed that Kelm's interview involved the use of a summons but have argued that the interview was obtained pursuant to 26 U.S.C. § 7602(3). Section 7602, 26 U.S.C. provides:

"For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary or his delegate is authorized —

"(1) To examine any books, papers, records, or other data which may be relevant or material to such inquiry;

"(2) To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having posses-sion, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary or his delegate may deem proper, to appear before the Secretary or his delegate at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and

"(3) To take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry."

Defendants' argument rests on the premise that Duwayne Kelm's interview was taken pursuant to 26 U.S.C. § 7602(3), but that subsection refers to "the person concerned." The "persons concerned" here were the defendants, not Duwayne Kelm. Thus, Kelm's interview was not taken under authority of 26 U.S.C. § 7602(3), and defendants' argument must fail.

### 4. *Motion for Discovery and Inspection*

■ By this motion defendants seek an order requiring the United States Attorney to "* * * produce and permit the defendants to inspect and copy or photocopy all books, papers, documents or tangible objects or copies of portions thereof which are in the possession, custody or control of the plaintiff, United States of America, indicating the method of and date on which the Internal Revenue Service obtained the information forming the basis for the prosecution of the defendants."

This motion is moot because the defendants have been allowed to examine the Government's file and have not specifically indicated what other information they wish to obtain.

It is therefore ordered that all defendants' motions are denied.