**UNITED STATES of America**

v.

**William Standish BRADFORD et al.**

**Crim. No. H 80–1.**

United States District Court,
D. Connecticut.

March 31, 1980.

Holly B. Fitzsimmons, Asst. U. S. Atty., Richard Blumenthal, U. S. Atty., Bridgeport, Conn., for the United States.

Arthur P. Meisler, Leo B. Flaherty, Jr., Flaherty, Marder, Kallet & Meisler, Vernon, Conn., for defendant William Edward Moran, Jr.

## RULING ON MOTION FOR SEVERANCE

JOSÉ A. CABRANES, District Judge:

In the four-count indictment filed in this case, the grand jury alleged criminal conduct with respect to (a) the distribution by two of the defendants, William Edward Moran, Jr. and Ulysses Jose Orduz, of approximately one ounce of cocaine on or about December 11, 1979, and (b) the knowing and intentional possession by defendants Orduz, William Standish Bradford and Scott Paul Garman, with intent to distribute, of approximately one pound of cocaine on or about January 3, 1980. The December 11 transaction is the subject of Count I of the indictment, charging Moran and Orduz with a violation of 21 U.S.C. § 841(a)(1). The remaining counts deal with the second transaction, charging Orduz, Bradford and Garman with the substantive offense of possession, with intent to distribute, of a controlled substance, in violation of 21 U.S.C. § 841(a)(1) (Count III); alleging that the same three defendants conspired, during the period December 29, 1979—January 3, 1980, to commit that substantive offense, in violation of 21 U.S.C. § 846 (Count IV); and accusing Orduz of using a communication facility, on or about December 29, 1979, to facilitate a violation of 21 U.S.C. § 841(a)(1), in contravention of 21 U.S.C. § 843(b) (Count II).

Defendant Moran, who is charged only in Count I, and is not alleged to have participated in a conspiracy or committed any substantive offense relating to the larger, subsequent transaction to which Counts II, III and IV are directed, has moved for a severance, in the hope of securing a trial separate from the trial of his co-defendants. The court finds that the acts and transactions which are the subject of Count I are neither part of "the same act or transaction" nor "the same series of acts or transactions" as those with which Counts II, III and IV are concerned. Accordingly, under Rule 8(b) of the Federal Rules of Criminal Procedure, Count I may not be joined with the other counts. However, the court also finds that it would be proper to try Moran

and Orduz together on Count I, apart from the trial of the other counts, since there is no evidence that joinder of the two defendants accused of participation in the December 11 transaction would be impermissible under Rule 8(b) or so likely to prejudice either of the defendants that a further severance pursuant to Rule 14 would be necessary. The court therefore orders that Count I be severed from the other counts of the indictment and that Moran and Orduz be tried on that count after the trial of Orduz, Bradford and Garman on Counts II, III and IV.

### *Misjoinder Under Rule 8(b)*

Rule 8(b) limits the joinder of defendants according to the following standard:

> "Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count."

Rule 8(b), Fed.R.Civ.P. It has been said that "Rule 8 is an attempt to set the limits of tolerance, and any joinder which does not fall within it is per se impermissible." *King v. United States*, 355 F.2d 700, 703 (1st Cir. 1966).

The government does not contend that the December 11 Moran-Orduz transaction alleged in Count I is one facet of "the same act or transaction" as the incidents involving Orduz, Bradford and Garman during the December 29–January 3 period, which are the subjects of Counts II, III and IV. Rather, the government's position is that there is sufficient connection between the transactions to render them part of a single "series of acts or transactions." In support

of that claim, the government sets forth its chronology of what allegedly occurred, asserting that both Orduz and Special Agent Meyrick of the Drug Enforcement Administration were involved in all the transactions, that the arrest of the defendants on January 3, 1980 grew out of the relationship established between Meyrick and Orduz at the time of the first transaction, and that the December 11 and January 3 incidents involved similar substances, allegedly supplied by the same source, albeit in different quantities.

However, as courts have repeatedly held in the context of charges of the illegal sale or distribution of controlled substances, two separate acts or transactions, such as those at issue here, do not constitute a "series" within the meaning of Rule 8(b) merely because they are of a similar character or involve one or more common participants.[1] *See, e. g., United States v. Turbide*, 558 F.2d 1053, 1061 n. 7 (2d Cir.), *cert. denied*, 434 U.S. 934, 98 S.Ct. 421, 54 L.Ed.2d 293 (1977) (where one count charged two defendants with a sale of cocaine, and a second count charged one of them with a separate sale of cocaine on another occasion, there was misjoinder, although in the circumstances, the trial court's error was harmless); *United States v. Bova*, 493 F.2d 33, 35–37 (5th Cir. 1974) (two defendants were misjoined in a four-count indictment where both were alleged to have possessed and distributed heroin on one occasion, but one of the defendants was alleged to have possessed and distributed heroin on a subsequent date); *Chubet v. United States*, 414 F.2d 1018, 1019–20 (8th Cir. 1969) (defendant Chubet's conviction reversed on ground of misjoinder because two counts charging him and co-defendant Kauffmann with one sale of amphetamines was improperly joined with four other counts charging Kauffmann and others—

---

1. To hold otherwise would in effect substitute for Rule 8(b), which governs the joinder of defendants, the less stringent "same or similar character" test of Rule 8(a), which deals with the joinder of multiple offenses allegedly committed by a single defendant. *See United States v. Papadakis*, 510 F.2d 287, 300 (2d Cir.), cert. denied, 421 U.S. 950, 95 S.Ct. 1682, 44 L.Ed.2d 104 (1975); *United States v. Bova*, 493 F.2d 33, 35 (5th Cir. 1974); *United States v. Granello*, 365 F.2d 990, 993 (2d Cir. 1966), *cert. denied*, 386 U.S. 1019, 87 S.Ct. 1367, 18 L.Ed.2d 458 (1967).

but not Chubet—with similar transactions on three separate occasions); *King v. United States, supra,* 355 F.2d at 705 (two defendants were misjoined on two indictments, which were tried together, where one indictment alleged that both distributed narcotics on one date, and the other alleged that only one defendant committed similar acts at two other times); *Ward v. United States,* 289 F.2d 877, 878 (D.C.Cir.1961) (Burger, J.) (joinder was improper under Rule 8(b) where two defendants were charged jointly with a sale of narcotics in Counts 4–6, but only one of them was charged with a separate sale of narcotics in Count 7, without any showing that Count 7 was related to the preceding three counts).

■ Here the government has failed to demonstrate, either in the indictment or in the papers submitted in connection with the motion for severance, that there is any connection between the transaction alleged in Count I and the incidents which give rise to the other counts, except for the legally insufficient similarity of the crimes charged, the common allegations that Orduz was a participant in all the conduct charged in the indictment and the ongoing relationship between Orduz and Meyrick. *See Chubet v. United States, supra,* 414 F.2d at 1019 (the fact that one defendant was charged on all counts was an insufficient "common thread" to support joinder of counts involving different co-defendants and alleging separate drug sales).

■ Although a conspiracy count often serves to tie together apparently disparate acts so that they may fairly be considered a "series" within the meaning of Rule 8(b),[2]

the nature and scope of the conspiracy alleged in Count IV compels the opposite conclusion here. While the government has alleged in Count IV that Bradford, Garman and Orduz engaged in the conspiracy to possess, with intent to distribute, approximately one pound of cocaine, that allegation has nothing whatever to do with Moran or the December 11 transaction involving the sale of approximately one ounce of cocaine. The conspiracy count charges all of the defendants except Moran; it alleges that the conspiracy began on or about December 29—eighteen days after the only criminal conduct with which Moran is charged; it lists a number of overt acts, all allegedly directed to the possession of cocaine on January 3, 1980, which is the basis of the substantive charge in Count III, and none in any way related to the earlier distribution of a smaller quantity of cocaine alleged in Count I.

Finally, the government has not established that the trial of this case on the basis of all four counts of the indictment will involve "joint proof of facts relevant to all the acts or transactions," *King v. United States, supra,* 355 F.2d at 704. To the contrary, in papers submitted on another pending motion, the government has represented that the testimony of an informant whom it intends to call as a witness against Moran and Orduz at the trial of Count I would be completely unnecessary for, and irrelevant to, the trial of the remaining counts.[3] In the absence of any showing that a joint trial would involve "joint proof," the rationale for joinder under Rule 8(b) "comes to an end, and joinder is imper-

---

2. *See United States v. Bernstein,* 533 F.2d 775, 789 (2d Cir.), *cert. denied,* 429 U.S. 998, 97 S.Ct. 523, 50 L.Ed.2d 608 (1976); *United States v. Miley,* 513 F.2d 1191, 1209 (2d Cir.), *cert. denied,* 423 U.S. 842, 96 S.Ct. 74, 46 L.Ed.2d 62 (1975). Of course, a conspiracy count is only one of several ways to establish that separate acts or transactions are sufficiently connected to form a "series" under Rule 8(b), and the requisite linkage may be found in the absence of a conspiracy charge. *See Pacelli v. United States,* 588 F.2d 360, 367 n. 20 (2d Cir. 1978), *cert. denied,* 441 U.S. 908, 99 S.Ct. 2001, 60 L.Ed.2d 378 (1979).

3. Government's Supplemental Response to Defendant Bradford's Motion for Information Regarding Seizure of Evidence, Paragraph 5 (Identity of Informant), pp. 3–4. In that document, the government concedes that "there appears to be a reasonable possibility that Count One may be entirely severed from the indictment and tried separately," and urges that the court defer a ruling on the question of disclosing the identity of the informant to Bradford, on the ground that if Count I, which contains no charges against Bradford, is severed, the informant will not be a witness against Bradford at all.

missible." *King v. United States, supra,* 355 F.2d at 704 (footnote omitted).

■ The court concludes that Count I was improperly joined with the other counts of the indictment. The indictment, as filed, alleges two series of acts or transactions— the December 11 incident (Count I) and the events of December 29–January 3 (Counts II, III and IV)—rather than the single series of acts or transactions required by Rule 8(b).[4] The remedy for the misjoinder is the severance of the misjoined count, which permits the trial of Moran and Orduz on Count I to proceed separately from the trial of Orduz, Bradford and Garman on the remaining counts.[5]

### The Propriety of A Joint Trial of the Defendants on Severed Count I

■ Moran requests a separate trial, apart not only from the trial of the other defendants on Counts II, III and IV, but also from the trial of Orduz on Count I. The court respectfully declines to grant this additional severance on the basis of the record before it. Clearly, the joinder of Moran and Orduz on Count I was proper under Rule 8(b), for the government has alleged that they participated in the same act—the distribution of approximately one ounce of cocaine on or about December 11, 1979. Although Rule 14 permits the court to grant the further relief which Moran seeks on the basis of a showing that he would be prejudiced if he were required to stand trial with Orduz on Count I, Moran has made no such showing.

Moran's submissions to the court[6] suggest that a single trial of all four defendants on all four counts of the indictment might cause the jury to confuse the evidence against his three co-defendants on Counts II, III and IV (which involve a larger transaction in which Moran is not alleged to have been a participant) with the evidence against Moran and Orduz on Count I. However, Moran has not demonstrated that any such problem would result from a joint trial with Orduz at which the evidence would be limited to matters relevant to Count I. The court's decision to sever Count I from the other counts under Rule 8(b) appears to remove the only possible threat of prejudice which Moran has alleged, so that, on the present record, there is no basis for a further severance which would require two trials of Count I, in addition to the separate trial of the other counts. The court therefore declines to order a separate trial for Moran; he shall be tried together with Orduz on Count I.

### Conclusion

The motion for a severance is granted to the extent that the court severs Count I from the other counts, and orders a separate trial of defendants Moran and Orduz on the charge in that count, but is denied insofar as it seeks a separate trial for Moran alone on Count I. Orduz, Bradford and Garman shall be tried on Counts II, III and IV of the indictment; at the conclusion of that trial Moran and Orduz shall be tried together on Count I.

It is so ordered.

---

4. In view of this conclusion, it is unnecessary for the court to address the question (to which the greater part of defendant Moran's argument is directed) whether the joinder of Moran on Count I with the other defendants on the other counts is so prejudicial to Moran that severance should be granted pursuant to Rule 14. Having determined that such joinder was improper as a matter of law under Rule 8(b), there is no need to consider the possible exercise of the court's discretion on this point under Rule 14. The related issue of the propriety of joining Moran and Orduz on Count I, which raises questions under both Rules 8(b) and 14, is treated separately herein.

5. Severance, rather than dismissal of the improperly drafted indictment, is the proper remedy for such misjoinder. *See United States v. Jackson,* 562 F.2d 789, 797 n. 10 (D.C.Cir.1977).

6. Although the other defendants were invited to submit briefs or statements concerning the pending motion, only Moran and the United States have submitted papers relating to the questions of joinder of counts and defendants in this case.