**UNITED STATES of America**

v.

**Gilberto GIRALDO, Andres Fermin, Jose Tellez and Doris Gamez–Giraldo.**

**No. 94–CR–278 (DRH).**

United States District Court,
E.D. New York,
Hauppauge Division.

July 28, 1994.

Barry Gene Rhodes, Brooklyn, NY, for defendant Giraldo.

Stuart J. Grossman, Forest Hills, NY, for defendant Fermin.

Zachary W. Carter, U.S. Atty., E.D.N.Y. by Ilene Jaroslaw, Asst. U.S. Atty., Brooklyn, NY, for the Government.

## ORDER

HURLEY, District Judge.

In the above-referenced prosecution, Defendants are charged with conspiracy to distribute cocaine, distribution of cocaine, use of the telephone in connection with the distribution of cocaine, and certain weapons violations. Currently before the court are the following motions: (1) Defendant Fermin's motion for severance; (2) Defendant Giraldo's motion for severance; (3) Defendant Fermin's motion for a bill of particulars; (4) Defendant Giraldo's motion for pre-trial disclosure of *Brady v. Maryland* materials; (5) Defendant Fermin's motion for pre-trial disclosure of Rule 404(b) evidence; and (6) Defendant Fermin's motion to suppress certain physical evidence, or, in the alternative, for a suppression hearing. For the reasons set forth below, the motions are granted in part and denied in part.

### Discussion

#### I. *Motions for Severance*

Defendants Giraldo and Fermin move for the severance of their trials from the trials of certain of their co-defendants. First, Defendant Fermin contends that it was inappropriate to join the Counts in which he is charged with those Counts of the Indictment charging Defendant Giraldo with a separate conspiracy and distribution, and that he will suffer "spillover prejudice" from the joinder of his trial with that of Defendant Giraldo. Secondly, both Defendant Fermin and Defendant Giraldo contend that their trials should be severed from that of Defendant Giraldo–Gamez ("Gamez"), on the ground that the

introduction of Gamez's post-arrest statements will violate their rights under the Confrontation Clause of the Sixth Amendment.

## A. *Joinder of the Conspiracy Involving Defendant Giraldo*

■ In Counts One and Two of the Indictment, all four of the defendants in this prosecution are charged with conspiracy to distribute cocaine and distribution of cocaine. According to the Indictment, the conspiracy and distribution charged in these counts allegedly occurred between the months of February and March, 1994. In Counts Six and Seven of the Indictment, Defendant Giraldo is again charged with conspiracy to distribute cocaine, as well as the distribution of cocaine. The conspiracy and distribution charged in these counts allegedly occurred between 1990 and 1993. Defendant Fermin contends that because Counts Six and Seven allege a separate conspiracy involving only Defendant Giraldo, the two conspiracies were improperly joined in the Indictment (*see* Fermin Mem. at 8; Grossman Aff. at ¶ 8), and that a joint trial regarding both conspiracies will result in "prejudicial spillover." (*See* Fermin Mem. at 8–9.)

With regard to Defendant Fermin's contention that the conspiracy involving Defendant Giraldo was improperly joined in the Indictment, the Court looks for guidance to Rule 8(b) of the Federal Rules of Criminal Procedure. Where, as here, there is both joinder of defendants and joinder of offenses, Rule 8(b) is invoked to test the validity of the joinder. *United States v. Turoff*, 853 F.2d 1037, 1043 (2d Cir.1988). The Rule provides:

> Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count.

Fed.R.Crim.P. 8(b).

In response to Defendant Fermin's motion, the Government contends that Counts Six and Seven are properly joined in the Indictment because these Counts "relate to Giraldo's prior sales of cocaine to [Cooperating Witness] Gibson, which were 'in the same series of . . . transactions' as the final transaction in which Fermin and the others participated." (Govt.Opp.Mem. at 5.) In further support of its position, the Government states that "the counts charged in the Indictment are properly triable together because there is a logical relationship between the defendants and offenses joined. . . . [T]he fact that Counts Six and Seven charge a codefendant with a related cocaine conspiracy and distribution in which Fermin was not involved is of no consequence in the analysis." (*Id.*)

The Court is unpersuaded, however, by the Government's contention that the two conspiracies and distributions were "related," and were parts of the "same series of acts or transactions." In interpreting Rule 8(b), the Second Circuit has explained that the language "same series of acts or transactions" "mean[s] that joinder is proper where two or more persons' criminal acts are ' "unified by some substantial identity of facts or participants," or "arise out of a common plan or scheme." ' " *United States v. Cervone*, 907 F.2d 332, 341 (2d Cir.1990) (quoting [*U.S. v.*] *Attanasio*, 870 F.2d [809] at 815 (quoting *United States v. Porter*, 821 F.2d 968, 972 (4th Cir.1987), *cert. denied*, 485 U.S. 934, 108 S.Ct. 1108, 99 L.Ed.2d 269 (1988))). In this case, the Government has not alleged that the two conspiracies shared a common plan. Although the Government contends that all of the drug sales were made to a single cooperating witness, there is no suggestion that Defendants Fermin, Gamez, or Tellez "knew of or were involved in any overall scheme." *United States v. Castiglia*, No. CR–85–93E, 1986 WL 6873, at *11 (W.D.N.Y. June 18, 1986). Indeed, the Government does not contend that the conspiracies and distributions temporally overlapped: the conspiracy and distribution charged in Counts One and Two allegedly occurred during February and March, 1994, whereas the conspiracy and distribution charged in Counts Six and Seven allegedly occurred between 1990 and 1993. *See United States v. Moon*, No. 88–CR–64, 1988 WL 88056, at *3 (N.D.N.Y. Aug. 23, 1988).

Nor are the conspiracies unified by a substantial identity of participants. Instead, the only individual that is charged in both of the conspiracies is Defendant Giraldo. The existence of a single, common participant, however, does not satisfy the requirements of Rule 8(b). In this regard, the Court finds instructive the case of *United States v. Moon*, No. 88–CR–64, 1988 WL 88056 (N.D.N.Y. Aug. 23, 1988). In *Moon*, the court severed an Indictment that charged three separate conspiracies to sell illegal drugs that appeared to have but one thing in common: the participation of one of the named defendants. *Id.* at *3.

In reaching its conclusion that joinder of the conspiracies was inappropriate, the *Moon* Court explained that "it is clear that an indictment may allege multiple conspiracies, and 'need not charge a single overarching conspiracy [uniting each of the counts of the indictment], provided the separate conspiracies ... charge[d] arise from a common plan or scheme and so could alternatively have been charged as a single conspiracy.'" *Id.* (quoting *United States v. Velasquez*, 772 F.2d 1348, 1353 (7th Cir.1985), *cert. denied*, 475 U.S. 1021, 106 S.Ct. 1211, 89 L.Ed.2d 323 (1986)) (further citation omitted). "It is equally clear, however, that 'defendants charged with two separate—albeit similar— conspiracies having one common participant are not, without more, properly joined.'" *Id.* (quoting *United States v. Welch*, 656 F.2d 1039, 1049 (5th Cir.1981), *cert. denied*, 456 U.S. 915, 102 S.Ct. 1767, 72 L.Ed.2d 173 (1982), and citing *United States v. Castro*, 829 F.2d 1038, 1044–46 (11th Cir.1987); *Velasquez*, 772 F.2d at 1352–53; *United States v. Marionneaux*, 514 F.2d 1244, 1248–49 (5th Cir.1975), *cert. denied*, 434 U.S. 903, 98 S.Ct. 298, 54 L.Ed.2d 189 (1977)) (further citation omitted).

Based upon the reasoning of *Moon*, and the Second Circuit's interpretation of the language of Rule 8(b), the Court finds that the two conspiracies and distributions were improperly joined in the Indictment.[1] *See also United States v. Menashe*, 741 F.Supp. 1135, 1138 (S.D.N.Y.1990) (two separate conspiracies improperly joined where one of the multiple defendants was charged in both conspiracies, but no common plan between other members of the two conspiracies); *Castiglia*, No. CR–85–93E, 1986 WL 6873, at *10–11; *cf. United States v. Garcia*, 848 F.2d 1324, 1333 (2d Cir.1988) (the Government may not "arbitrarily jointly try defendants alleged to have engaged in unrelated conspiracies, for the rules governing joinder and severance still apply"). Defendant Fermin's trial should, therefore, be severed from the trial of the conspiracy and distribution charges set forth in Counts Six and Seven of the Indictment.[2]

**B.** *Severance of the Trial of Defendant Gamez*

Defendants Fermin and Giraldo also contend that their trials should be severed from that of Defendant Gamez. Following her arrest, Defendant Gamez allegedly made certain statements to the police that implicate Defendants Fermin and Giraldo in the crimes charged in Counts One and Two. Defendants Fermin and Giraldo claim that the introduction of these statements at a joint trial—even if redacted to remove explicit references to their identities—would violate their rights under the Confrontation Clause.

■ The Confrontation Clause of the Sixth Amendment guarantees the right of a criminal defendant "to be confronted with the witnesses against him." U.S. Const. amend. VI. In *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), the

---

**1.** The sole case cited by the Government in support of its position does not persuade the Court to rule otherwise. (*See* Govt.Opp.Mem. at 5.) In *Attanasio*, the Second Circuit explained that the joinder of two conspiracies in the Indictment was appropriate because both conspiracies shared a common purpose: to conceal and launder loansharking income. The *Attanasio* court also found that there was a substantial overlap of participants and acts. *Attanasio*, 870 F.2d at 815; *see also United States v. Menashe*, 741 F.Supp. 1135, 1138 n. 7 (S.D.N.Y.1990).

**2.** Because the Court finds that the Indictment should be severed pursuant to Rule 8(b), the Court does not reach Defendant Fermin's contention that his trial should be severed from that of Defendant Giraldo pursuant to Federal Rule of Criminal Procedure 14, due to the possibility of spillover prejudice.

Supreme Court held that the introduction of a codefendant's hearsay statements that implicate the defendant violate the defendant's right of confrontation, even where the Court provides a limiting instruction. However, the Court has subsequently circumscribed the holding of *Bruton*, explaining that the use of a codefendant's inculpatory hearsay statement does not violate the Confrontation Clause where the trial court provides an appropriate limiting instruction, and where the statement is redacted to eliminate any reference to the defendant's existence. *Richardson v. Marsh*, 481 U.S. 200, 208–09, 107 S.Ct. 1702, 1707–08, 95 L.Ed.2d 176 (1987). Such redacted statements are appropriately admitted even where the redacted statements could incriminate the defendant if linked with other evidence in the case. *Id.* Extrapolating from the Supreme Court's reasoning in *Richardson*, the Second Circuit has repeatedly approved the admission of a redacted statement in which the names of defendants were replaced by neutral pronouns and where the statement, standing alone, did not otherwise connect the defendant to the crimes. *See, e.g., United States v. Williams*, 936 F.2d 698, 700 (2d Cir.1991); *United States v. Alvarado*, 882 F.2d 645, 652–53 (2d Cir.1989), *cert. denied*, 493 U.S. 1071, 110 S.Ct. 1114, 107 L.Ed.2d 1021 (1990); *United States v. Tutino*, 883 F.2d 1125, 1135 (2d Cir.1989), *cert. denied*, 493 U.S. 1081, 110 S.Ct. 1139, 107 L.Ed.2d 1044 (1990).

In this case, the Government represents that it will redact Gamez's statements "to omit any explicit or implicit references to all codefendants before trial," so as "to render them non-inculpatory of either Fermin or Giraldo." (Govt.Opp.Mem. at 8.) Such a redaction will satisfy the standards enunciated in *Richardson* and its progeny, and, therefore, Defendants' motions for severance are denied at this time, subject to renewal pending the Government's presentation and the Court's review of the redacted statements.

## II. *Motion for a Bill of Particulars*

Defendant Fermin demands a bill of particulars pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure.[3] Fermin requests the disclosure of certain information regarding Count Three of the Indictment, which alleges that a firearm was used and carried during and in relation to a drug trafficking crime. (*See* Fermin Mem. at 3–4; Grossman Aff.Ex.B.)

■■■ The purpose of a bill of particulars is " 'to provide defendant with information about the details of the charge against him if this is necessary to the preparation of his defense, and to avoid prejudicial surprise at trial,' " *United States v. Torres*, 901 F.2d 205, 234 (2d Cir.) (citation omitted), *cert. denied sub nom., Cruz v. United States*, 498 U.S. 906, 111 S.Ct. 273, 112 L.Ed.2d 229 (1990), as well as to enable a defendant to interpose a plea of double jeopardy if subsequently prosecuted for the same offense. *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987) (citations omitted). The Second Circuit has explained that "[g]enerally, if the information sought by defendant is provided in the indictment or in some acceptable alternate form, no bill of particulars is required." *Id.* (citations omitted). Thus, a bill of particulars "should be required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused," *Torres*, 901 F.2d at 234 (citations omitted), and "[i]t is not enough that the information would be useful to the defendant; if the defendant has been given adequate notice of the charges against him, the government is not required to disclose additional details about its case." *United States v. Payden*, 613 F.Supp. 800, 816 (S.D.N.Y.1985), *aff'd*, 768 F.2d 487 (2d Cir.1985). The decision to grant or deny a bill of particulars is within the sound discretion of the trial court. *United States v. Panza*, 750 F.2d 1141, 1148 (2d Cir.1984).

■■■ With respect to Defendant's Requests numbered one through seven, regarding the description, location, and use of the

---

**3.** The Rule provides, in relevant part, that "[t]he court may direct the filing of a bill of particu-

lars." Fed.R.Crim.P. 7(f).

firearm, the Court finds that the Government has provided the requested information in its Complaint against Defendant Fermin. (Compl. at ¶ 15.) This portion of Defendant's request for particulars is, therefore, denied. *See United States v. Jimenez*, 824 F.Supp. 351 (S.D.N.Y.1993) (bill of particulars denied where the complaint, indictment, and pretrial discovery disclosures adequately informed the defendant of the charges against him). With respect to Defendant's Request number eight, which seeks documents regarding the ownership of the vehicle seized at the time of Defendant Fermin's arrest, the Government represents that in April, 1994, it offered defense counsel the opportunity to examine any physical evidence discoverable, under Rule 16, including any information with respect to the vehicle. The Government also represents that this opportunity remains available to Defendant Fermin. Accordingly, Defendant's request for particulars in this regard is also denied. *See United States v. Leonard*, 817 F.Supp. 286, 303 (E.D.N.Y.1992).

### III. *Brady v. Maryland and Rule 404(b) Materials*

Defendant Giraldo requests certain exculpatory materials pursuant to *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and its progeny. *See, e.g., Giglio v. United States*, 405 U.S. 150, 154, 92 S.Ct. 763, 766, 31 L.Ed.2d 104 (1972); *Ostrer v. United States*, 577 F.2d 782 (2d Cir.1978), *cert. denied*, 439 U.S. 1115, 99 S.Ct. 1018, 59 L.Ed.2d 73 (1979). According to this case law, a criminal defendant is entitled to exculpatory or mitigating evidence in the Government's possession, including evidence pertinent to the credibility or reliability of a material witness. *United States v. Shoher*, 555 F.Supp. 346, 352 (S.D.N.Y.1983).

In response to this request, the Government represents that it is unaware of any

such information with regard to Defendant Giraldo. Based upon this representation, Defendant Giraldo's request is denied; however, the Court reminds the Government of its continuing obligation in this regard. *See United States v. Feola*, 651 F.Supp. 1068, 1135–36 (S.D.N.Y.1987), *aff'd*, 875 F.2d 857 (2d Cir.), *cert. denied*, 493 U.S. 834, 110 S.Ct. 110, 107 L.Ed.2d 72 (1989).

Defendant Fermin also moves for the pretrial disclosure of any Rule 404(b) evidence that the Government intends to introduce at trial.[4] The Government represents that it does not presently intend to offer any 404(b) evidence at trial, and that, should its intention change, it will promptly notify the Court and opposing counsel, and will seek a pretrial ruling regarding admissibility. Based upon these representations, Defendant Fermin's motion is denied at this time.

### IV. *Motion to Suppress*

Defendant Fermin moves to suppress a firearm that was found in the vehicle that he was driving, or, in the alternative, for a hearing to determine whether there was probable cause to seize the firearm. In response, the Government first contends that Defendant Fermin "has no standing to bring the motion." (Govt.Opp.Mem. at 9.) Further, if Fermin does have standing, the Government contends that the police officers and federal agents had probable cause to search the vehicle, or in the alternative, that the firearm was found in the course of a lawful inventory search. (*Id.*)

As to the issue of standing, the Court notes that the papers submitted by both of the parties provide scant detail regarding the events surrounding the seizure of the firearm. Defendant Fermin contends that, shortly before his arrest, he had been operating a vehicle that he had borrowed.[5] Follow-

---

4. The Rule provides that

[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the

prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial. Fed.R.Evid. 404(b).

5. The Complaint against Defendant Fermin also alleges that, at the time of his arrest, Defendant Fermin had in his possession the registration

ing his arrest, a search of this vehicle revealed a handgun that had been stowed in a compartment adjacent to the automatic transmission controls and between the driver and front passenger seats. Thus, there is evidence before the Court that suggests that Defendant Fermin was lawfully in the vehicle and that the gun was located in a readily accessible area of the passenger compartment. This evidence, although inconclusive, entitles Defendant to a hearing on the issue of "standing," or, more appropriately termed, on the issue of "the extent of ... [his] rights under the Fourth Amendment...." *United States v. Pena,* 961 F.2d 333, 336–38 (2d Cir.1992).

As to the issue of the propriety of the warrantless search of the vehicle, the Court has likewise been provided with scant factual detail. It appears that Defendant Fermin was arrested outside of the vehicle, but it is unclear whether the search of the vehicle was conducted "incident to [his] arrest" [6] (Compl. at ¶ 15), or was conducted after the vehicle had been impounded. (*See* Govt.Opp.Mem. at 11–12.) Because it appears that "there are contested issues of fact going to the validity of the search," the Court will also conduct a hearing in this regard. *Pena,* 961 F.2d at 339.

The Court will thus conduct a hearing on Defendant Fermin's motion to suppress immediately prior to trial, on August 15, 1994, at 9:30 AM. The first issue to be determined at the hearing will be whether Defendant Fermin had a protectible Fourth Amendment interest in the compartment from which the firearm was seized, an issue on which he will bear the burden. If Defendant sustains that burden, the Court will then address the issue of whether the Government was justified in conducting the warrantless search of the vehicle. In that regard, the Court will require a proffer from the parties as to the proof that will be submitted at the hearing.

card for the vehicle, which was issued in the name of another individual. (Compl. at ¶ 15.)

6. Because the Court has been provided with no detail as to the contemporaneousness of the

*Conclusion*

For the reasons set forth above, the Court grants Defendant Fermin's motion to sever the charges of conspiracy and distribution set forth in Counts Six and Seven of the Indictment, and grants his motion for a suppression hearing. All other motions of Defendant Fermin and Defendant Giraldo are denied. The suppression hearing will be held on August 15, 1994, at 9:30 AM, and the trial of Counts One through Five of the Indictment will begin on August 16, 1994.

SO ORDERED.

search and the arrest, the Court is also unable to determine whether the warrantless search of the vehicle was appropriate. *See United States v. Vasey,* 834 F.2d 782, 787–88 (9th Cir.1987).