**UNITED STATES of America**

v.

**Wlodek Jan LECH, et al., Defendants.**

**No. S1 94 Cr. 285 (SS).**

United States District Court,
S.D. New York.

March 10, 1995.

Mary Jo White, U.S. Atty., S.D.N.Y., Jonathan Halpern, Asst. U.S. Atty., New York City, for U.S.

Leonard F. Joy, The Legal Aid Soc., Federal Defender Div., New York City, for defendants; Andrew H. Schapiro, of counsel.

*Opinion and Order*

SOTOMAYOR, District Judge.

Wlodek Jan Lech ("Lech") moves to sever his trial and the counts charged against him in superseding indictment (the "Indictment") filed in this action pursuant to Rule 8(b), or in the alternative Rule 14, of the Federal Rules of Criminal Procedure. For the reasons discussed below, the motion to sever under Rule 8(b) is granted.

*Background*

The seven count Indictment in this action includes three criminal projects involving the New York City Board of Education ("BOE"). Counts One through Three charge Carmine

Russo ("Russo") and Henry Fulton ("Fulton") with conspiracy, bribery, and mail fraud in connection with a construction project located at 402 Eastern Parkway, Brooklyn, New York (the "Eastern Parkway Project").

Counts Four and Five charge Russo, Fulton, and Lech with conspiracy and bribery in a scheme to have the BOE award a $500,-000.00 contract to remove asbestos from the Julia Richman High School (the "Richman Project").

Count Six and Seven charge Russo with conspiracy and bribery to induce BOE officials to enter into a long-term lease and renovation agreement for a commercial property located at 230-36 125th Street in Manhattan (hereinafter the "125th Street Project").

### Discussion

Rule 8(a) of the Federal Rules of Criminal Procedure permits the joinder of unrelated offenses of a similar character against a single defendant. In contrast, Rule 8(b) deals with the joinder of multiple defendants and requires more than the mere existence of similarities between some of the actors or crimes. *United States v. Carrozza*, 728 F.Supp. 266, 269 (S.D.N.Y.1990), *aff'd* 956 F.2d 1160 (2d Cir.1992). Rule 8(b) ("Rule 8(b)") provides:

> Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count.

■ Joinder under Rule 8(b), therefore, is proper where the criminal acts of two or more persons (1) arise out of a common plan or scheme, or (2) are unified by some substantial identity of facts or participants.

*United States v. Cervone*, 907 F.2d 332, 340–41 (2d Cir.1990), *cert. denied*, 498 U.S. 1028, 111 S.Ct. 680, 112 L.Ed.2d 672 (1991) (internal quotations and citations omitted). As a general rule, these requirements are satisfied where the Government alleges the existence of an overall conspiracy linking the various substantive crimes charged in an indictment[1]. *United States v. Henry*, 861 F.Supp. 1190, 1200 (S.D.N.Y.1994) (Schwartz, J.) (citing *United States v. Bernstein*, 533 F.2d 775, 789 (2d Cir.), *cert. denied*, 429 U.S. 998, 97 S.Ct. 523, 50 L.Ed.2d 608 (1976)). It is well settled, however, that two separate transactions do not constitute a "series" within the meaning of Rule 8(b) "merely because they are of a similar character or involve one or more common participants." *United States v. Bradford*, 487 F.Supp. 1093, 1094 (D.Conn.1980) (Cabranas, J.) (citing cases).

■ The Government here concedes that Lech did not participate in, or have specific knowledge of, the schemes involving the Eastern Parkway and 125th Street Projects. Transcript of Oral Argument, dated December 2, 1994 ("Oral Arg.Tr."), at 45–46. The Government also concedes that the three schemes detailed in the Indictment could not be charged in one overall conspiracy count. *Id.* Instead, the Government contends that Lech was aware that the corrupt BOE official with whom he and Fulton were dealing, was somehow involved in a separate criminal relationship with Fulton. *Id.; see also* Government's Memorandum of Law in Opposition to Defendants' Pretrial Motions ("Govt. Memorandum") at 31. On the basis of this knowledge, the Government maintains that Lech's joinder under Rule 8(b) was proper because "the counts charging Lech with participating in the asbestos removal scheme [the Richman Project] arise directly from the false invoice scheme [the Eastern Parkway Project]." Govt. Memorandum at 33. That is, the Government claims that Russo's and Fulton's success in executing the Eastern Parkway Project scheme was an "unmistak-

---

1. It is unclear whether the propriety of a joinder under Rule 8(b) should be determined solely on the face of the indictment. *Compare United States v. Moon*, No. 88 Cr. 64, 1988 WL·88056 (N.D.N.Y. August 23, 1988) (propriety of joinder determined from face of indictment) *with United*

*States v. Halliman*, 923 F.2d 873, 883 (D.C.Cir. 1991) (government may show propriety of joinder by presenting evidence after indictment but before trial). I do not address this issue because no materials outside the scope of the Indictment convince me that Lech was properly joined.

able springboard" for the Richman and 125th Street Projects. *Id.* at 35.

The principle case upon which the Government relies is *United States v. Turoff,* 853 F.2d 1037, 1043 (2d Cir.1988). *Turoff* involved two fraudulent schemes initiated by New York City Taxi and Limousine Commissioner Jay Turoff ("Turoff") and Harriet and Alan Silver (the "Silvers"). In the first scheme, Turoff and the Silvers entered into an arrangement whereby Turoff would mandate the installation of electronic taxi meters manufactured by the Silvers in return for a portion of the profits. In the second scheme, Turoff and the Silvers opened accounts at a credit union, which agreed not to report taxable interest to the Internal Revenue Service. The Second Circuit held that joinder of the two schemes was proper under Rule 8(b) because there was a "key link" between the schemes in that some of the money deposited in the credit union accounts was used to advance the taxi meter scheme. *Id.* at 1044.

The Government ignores a crucial distinction between *Turoff* and the instant action. In *Turoff,* all of the defendants were aware of and participated in both schemes. In the instant case, Lech had very little, if any, knowledge of the other schemes, and did not participate in them. At best, *Turoff* stands for the proposition that Russo and Fulton may be tried together because they had specific knowledge of each other's activities, jointly participated in many of the acts alleged in the Indictment, and used that knowledge and participation as a springboard for the Richman and 125th Street Projects.

The instant case is closer to one considered by Judge Stanton in *United States v. Menashe,* 741 F.Supp. 1135 (S.D.N.Y.1990). In *Menashe,* the first count of the indictment charged Menashe, St. Francis, and O'Toole with conspiring to sell American made military planes located in Israel. In the second count, the Government charged O'Toole with conspiring to sell American made anti-aircraft missiles located in Israel. Judge Stanton severed the second count, finding that the Government's failure to allege that Menashe or St. Francis were "aware of or joined in" O'Toole's plan to sell missiles made join-

der improper. *Id.* at 1138 (citations omitted).

Other courts in this circuit considering this type of joinder have reached similar conclusions. In *United States v. Giraldo,* 859 F.Supp. 52 (E.D.N.Y.1994), the Government charged Giraldo, Fermin, Tellez, and Giraldo–Gamez with conspiracy and distribution of cocaine between February and March 1994. In separate counts, the Government charged Giraldo with conspiracy and distribution of cocaine from 1990 through 1993. The Government argued that joinder was proper because there was a logical relationship between the conspiracies, including sales made to the same cooperating witness. The Court rejected the Government's argument because there was "no suggestion that Defendants Fermin, Gamez, or Tellez 'knew of or were involved in any overall scheme.'" *Id.* at 54 (quoting *United States v. Castiglia,* No. CR–85–93E, 1986 WL 6873, at *11 (W.D.N.Y. June 18, 1986)).

*United States v. Gentile,* 60 F.R.D. 686 (E.D.N.Y.1973), involved a six count indictment that charged three distinct sets of criminal activities. Counts one and two charged Gentile with attempting to bribe an IRS employee named Nicholas Tsotsos in order to win a favorable determination on his outstanding tax liability. Counts three and four charged Gentile and LaPonzina with scheming to bribe Tsotsos in order to win a favorable tax liability determination for LaPonzina. Counts five and six charged Gentile and Lucadana with a scheme to bribe Tsotsos for the purpose of gaining a favorable IRS ruling for Lucadana. Finding that the only "common thread" among the counts was the involvement of Gentile and Tsotsos, the Court severed LaPonzina because his scheme to influence Tsotsos was separate from the other two bribery attempts. *Id.* at 687–88.

I find the reasoning of *Menashe, Giraldo,* and *Gentile* persuasive. As noted, the Government concedes that Lech had no involvement in the other schemes charged, and at most he had cursory knowledge of the other criminal activities involving Russo, Fulton, and BOE officials. Even if the Eastern Parkway Project was a springboard for the other two schemes, only Russo and Fulton

258

knew how to use the secrets of that success. In essence, the Government asks me to find a common thread by imparting Russo's and Fulton's prior dealings with the BOE to Lech. Standing alone, this allegation is insufficient to support Lech's joinder. Therefore, I grant Lech's motion to sever his trial and the counts charged against him in the Indictment under Rule 8(b). I do not reach Lech's alternative motion to sever pursuant to Rule 14.

### Conclusion

For the reasons discussed above, Lech's motion for sever his trial pursuant to Rule 8(b) of the Federal Rules of Criminal Procedure is granted. The Clerk of the Court is directed to enter this order.

**SO ORDERED.**